U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN L. GOLDEN,

    Plaintiff,

vs.                                CASE NO. 6:10-cv-387-ORL-35DAB

P.A.V.C.O. CONSTRUCTION, INC.,
P.A.V.C.O. CONTRACTING GROUP, LLC,
and, MICHAEL R. FISHER, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN L. GOLDEN, by and through his undersigned counsel, sues Defendants P.A.V.C.O. CONSTRUCTION, INC., a Florida Corporation, P.A.V.C.O. CONTRACTING GROUP, LLC., a Florida Corporation, and MICHAEL R. FISHER, individually, hereinafter "THE DEFENDANTS," and alleges as follows:

### INTRODUCTION

1. This is an action by PLAINTIFF against his former employer for unpaid travelling expenses, improperly discounted salary and unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA") and Chapter 448, Florida Statutes. PLAINTIFF seeks damages and reasonable attorney fees and costs.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. The Court has concurrent jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes.

## VENUE

4. The venue of this Court over this controversy is proper based upon the claims arising within Brevard County, Florida.

## PARTIES

5. At all times material hereto PLAINTIFF has resided in Brevard County, Florida.

6. At all times material hereto, PLAINTIFF was the employee of DEFENDANTS within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

7. At all times material hereto, DEFENDANT, P.A.V.C.O. CONSTRUCTION, INC., has been a valid Florida corporation and has conducted business in Brevard County, Florida.

8. At all times material hereto, DEFENDANT, P.A.V.C.O. CONTRACTING GROUP, LLC., has been a valid Florida corporation and has conducted business in Brevard County, Florida.

9. At all times material hereto, DEFENDANTS were engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(b).

10. At all times material hereto DEFENDANTS were employers within the meaning of the FLSA, 29 U.S.C. §203(d).

11. At all times material hereto, DEFENDANTS were enterprises within the meaning of the FLSA, 29 U.S.C. §203(r), (s).

12. At all times material hereto DEFENDANTS were engaged in interstate commerce per 29 U.S.C. § 203(s).

13. At all times material hereto, DEFENDANT, P.A.V.C.O. CONSTRUCTION, INC., had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

14. At all times material hereto, DEFENDANT, P.A.V.C.O. CONTRACTING GROUP, LLC., had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

15. Defendant, MICHAEL R. FISHER, Vice President and/or Manager of P.A.V.C.O. CONSTRUCTION, INC. and P.A.V.C.O. CONTRACTING GROUP, LLC., also controlled the Plaintiff and was the individual ultimately responsible for violating the FLSA provisions.

16. Plaintiff has retained the undersigned attorney and agreed to pay him a reasonable fee.

## COUNT I

## CLAIM FOR UNPAID WAGES AND CLAIM FOR ATTORNEY FEES
## PURSUANT TO F.S. 448.08

17. Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint as if set forth in full herein.

18. This action is brought pursuant to the employment relationship of the parties pursuant to unpaid wages.

19. Plaintiff performed services for Defendants for 15 years until he was terminated on or about December 7, 2009.

20. Defendants have failed to correctly compensate Plaintiff for his work, including, but not limited to, expenses incurred in the course of his job.

21. Defendants improperly discounted from Plaintiff's salary monies he received for unemployment insurance.

22. Despite repeated requests by Plaintiff, Defendants have refused to pay Plaintiff the whole amount of wages owed to him.

23. Defendants' actions are intentional, reckless, willful or malicious.

24. Pursuant to F.S. 448.08, Plaintiff is entitled to recover costs of this action and his attorney fees.

25. Plaintiff has retained the undersigned attorney and agreed to pay to pay him a reasonable fee.

26. As a direct and proximate cause of Defendants' failure to pay Plaintiff wages due to him, Plaintiff has incurred economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants for the following:

a. Unpaid wages found to be due and owing;

b. Prejudgment interest;

c. All damages to which he may be entitled, including, but not limited to attorney fees, costs, and all compensatory damages owed;

d. Such other relief as this Court deems just and equitable.

## COUNT II

### CLAIM FOR UNPAID WAGES PURSUANT TO THE FAIR LABOR STANDARDS ACT ("FLSA")

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if set forth in full Herein.

28. Defendants, in violation of the Fair Labor Standards Act §29 C.F.R. 785.41, deducted three days of pay for travel time. Pursuant to the said FLSA, such deductions are improper because the travel time exceeds one hour and such travel was made for the benefit of the employer.

29. Defendant RICHARD R. FISCHER was and still is the Vice President and/or Manager of P.A.V.C.O. CONSTRUCTION, INC. and P.A.V.C.O. CONTRACTING GROUP, LLC.

30. Defendant RICHARD R. FISCHER, through his instruction, set the policies and procedures for not paying Plaintiff accordingly.

31. Defendants, P.A.V.C.O. CONSTRUCTION, INC., P.A.V.C.O. CONTRACTING GROUP, LLC. and RICHARD R. FISCHER failed to properly compensate Plaintiff for some of the applicable time period delineated in paragraph 19 supra.

32. Pursuant to the applicable laws, Mr. Fischer has subjected himself to personal liability.

33. As a direct and proximate cause of Defendants' actions, Plaintiff has incurred economic damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants for the following:

a. Unpaid wages found to be due and owing;

b. Prejudgment interest;

c. All damages to which he may be entitled, including, but not limited to attorney fees, costs, and all compensatory damages owed;

d. Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this __10__ day of March, 2010.

                                               ARCADIER & ASSOCIATES, P.A.

                                               Maurice Arcadier, Esquire
                                               Florida Bar No. 131180
                                               Attorney for Plaintiff
                                               2815 W. New Haven, Suite 304
                                               Melbourne, Florida 32904
                                               Phone: (321) 953-5998
                                               Fax: (321) 953-6075